## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Jordan Wolfe | : |
| | : |
| -and- | : |
| | : |
| Shawn Bailey | : |
| | : Civil Action No. 2:18-cv-1698 |
| On behalf of themselves and those | : |
| similarly situated, | : JUDGE |
| | : |
| Plaintiffs, | : MAGISTRATE JUDGE |
| | : |
| v. | : **Collective and Class Action Complaint** |
| | : |
| Ohio Mulch Supply, Inc. | : **Jury Demand Endorsed Hereon** |
| 1600 Universal Rd. | : |
| Columbus, Ohio 43207 | : |
| | : |
| -and- | : |
| | : |
| Jim Weber, II | : |
| 1600 Universal Rd. | : |
| Columbus, Ohio 43207 | : |
| | : |
| Defendants | : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Jordan Wolfe ("Wolfe," or "Plaintiff Wolfe") and Shawn Bailey ("Bailey," or "Plaintiff Bailey") (collectively Wolfe and Bailey are "Plaintiffs") individually and on behalf of other members of the general public similarly situated, for their complaint against Defendant Ohio Mulch Supply, Inc. ("OMS" or "Defendant OMS") and Defendant Jim Weber, II ("Weber" or Defendant Weber") (collectively, "Defendants"), for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §

4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Plaintiffs' own conduct and are made on information and belief as to the acts of others. Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to the FLSA, the Ohio Acts, O.R.C. § 4123.90, Chapter 4112, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants jointly employed Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

I.      **PARTIES**

    A.  **Plaintiffs**

*Plaintiff Wolfe*

4.      Plaintiff Wolfe is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Plaintiff Wolfe was jointly employed by Defendants beginning in April 2018 until July 2018.

6. Plaintiff Wolfe primarily worked as an hourly, non-exempt delivery driver and was also responsible for loading the delivery trucks with mulch and assisting with Defendants' mulch yard operations. Plaintiff worked out of Defendants' retail location at 5380 Riverside Dr., Columbus, Ohio 43220 ("OMS – Riverside").

7. Plaintiff Wolfe was an hourly, non-exempt employee of Defendants at all times relevant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

8. Plaintiff Wolfe brings this action on his own behalf and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff Wolfe's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiff*, attached hereto as **Exhibit A.**)

*Plaintiff Bailey*

9. Plaintiff Bailey is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

10. At all times relevant herein, Plaintiff Bailey was jointly employed by Defendants beginning in or around March 2015 until in or around August 2017.

11. Plaintiff Bailey primarily worked as an hourly, non-exempt delivery driver beginning in 2016[1] and was also responsible for loading the delivery trucks with mulch and assisting with Defendants' mulch yard operations. Plaintiff Bailey also worked as an hourly,

---

[1] When Plaintiff Bailey began his employment with Defendants in 2015, he first worked as an hourly, non-exempt yard worker.

non-exempt delivery driver in 2017, but additionally worked as an hourly, non-exempt yard lead during this period for Defendants.

12.      Plaintiff Bailey worked out of Defendants' retail location at 4665 Westerville Rd., Columbus, Ohio ("OMS – Westerville").

13.      Plaintiff Bailey was an hourly, non-exempt employee of Defendants at all times relevant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

14.      Plaintiff Bailey brings this action on his own behalf and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Plaintiff Bailey's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*See* **Exhibit A.**)

### B.  Defendants

15.      Defendant Ohio Mulch Supply, Inc. is a domestic for-profit corporation that operates and conducts substantial business activities in the Southern District of Ohio and jointly operates numerous stores throughout Ohio. Defendant OMS jointly employs the individuals working at all Ohio locations.

16.      Defendant Jim Weber, II is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio. Defendant Weber conducts substantial business activities in the Southern District of Ohio and jointly operates numerous stores throughout Ohio. Defendant Weber jointly employs the individuals working at all Ohio locations.

17.      Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

18.     During relevant times, Defendant Weber, as CEO, founder and owner, has had operational control over significant aspects of the day-to-day functions of Defendant OMS.

19.     During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

20.     During relevant times, Defendants have mutually benefitted from the work performed by Plaintiffs and those similarly situated.

21.     During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and other similarly situated employees.

22.     During relevant times, Defendants shared the services of Plaintiffs and other similarly situated employees.

23.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and those similarly situated.

24.     During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

25.     During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiffs and all other similarly situated employees.

26.     Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross

volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

27.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

28.     During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

**II.     FACTS**

**A.     Allegations regarding uncompensated work of Plaintiffs and other drivers.**

29.     During their employment with Defendants, Plaintiffs and Defendants' other delivery drivers were hourly, non-exempt employees.

30.     Defendants paid Plaintiffs and Defendants' other delivery drivers a set amount per delivery without regard to their actual hours worked, including whether such hours constituted overtime.

31.     In Plaintiff Wolfe's case, he was paid $10 per delivery. Plaintiff Bailey was paid $11 per delivery.

32.     Defendants paid Plaintiffs and other delivery drivers their per delivery payments regardless of whether they worked less or more than 40 hours in a given workweek.

33.     Defendants failed to make any additional overtime wage payments to Plaintiffs or other delivery drivers in workweeks where they worked in excess of 40 hours.

34.     In addition to delivering mulch to Defendants' customers, Plaintiff and other delivery drivers had other duties, including but not limited to: (i) loading their own delivery

trucks with mulch prior to delivering the same; (ii) loading other delivery drivers trucks and/or customers vehicles with mulch; (iii) receiving multiple large shipments of mulch delivered to Defendants' yards each week; (iv) pushing/spreading Defendants' shipments of mulch in Defendants' yard after receiving the same; (v) attend to customers in Defendants' stores and run the cash register for Defendants when needed; and (vi) various other related tasks in Defendants' mulch yards and stores as required by Defendants.

35.     Plaintiffs and other delivery drivers received no additional compensation for these tasks and hours worked, and instead only received their set per delivery pay amount only for deliveries made.

36.     Moreover, Plaintiffs and Defendants' other delivery drivers were often required to wait at Defendants' retail location while other drivers received their loads before they could receive their next load to complete the next delivery.

37.     Defendants' failure to compensate Plaintiffs and Defendants' other delivery drivers as set forth above resulted in unpaid overtime.

38.     Plaintiffs and Defendants' other hourly non-exempt delivery drivers regularly worked more than 40 hours per week, but they were not paid one and one-half times their regular rate for all of hours worked over 40 as a result of Defendants' policy or practice of only compensating employees a flat rate of pay per delivery without regard for total hours worked.

39.     At all times relevant herein Plaintiffs and Defendants' other hourly non-exempt employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

40.     During relevant times, Defendants suffered and permitted Plaintiffs and those similarly situated to work more than forty (40) hours per workweek, while not compensating

them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate as a result of Defendants' policy or practice of only compensating Plaintiffs and all other similarly situated employees a flat rate of pay per delivery.

41.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

42.     During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

43.     Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages and/or Defendants failed to maintain such records.

**III.     216(b) COLLECTIVE ALLEGATIONS**

44.     Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class. The 216(b) class consists of:

> All current and former hourly, non-exempt drivers of Defendants who during the previous three years worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because Defendants compensated drivers a flat fee per delivery regardless of how many hours were worked (the "216(b) Class" or "216(b) Class Members").

**A.     Uncompensated Overtime Due to Defendants' Flat Fee Payment Structure**

45.     Plaintiffs and putative 216(b) Class Members were all subject to the same policy or practice whereby Defendants compensated them a flat fee per delivery without regard to their

total hours worked when Defendants knew or should have known that the employees were working in excess of 40 hours in workweeks. Despite working over 40 hours in workweeks Plaintiffs and putative 216(b) Class Members were not compensated at 1.5 times their hourly rate of pay for hours worked over 40 because they were only compensated a flat fee based on the number of deliveries they made.

46. During some or all of the last three years, Defendants did not compensate Plaintiffs and the 216(b) Class Members one and one-half times their regular rate of pay for hours worked over 40 in workweeks.

47. The preceding FLSA claims for the 216(b) Class Members are brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

48. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## IV.     RULE 23 ALLEGATIONS

49. Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All Ohio current and former hourly, non-exempt drivers of Defendants who during the previous three years worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked because Defendants compensated

drivers a flat fee per delivery regardless of how many hours were
worked (the "Rule 23 Class" or the "Rule 23 Class Members").

50.     The Rule 23 Class includes all current or former hourly, non-exempt drivers
employed by Defendants throughout the State of Ohio as defined above.

51.     The Rule 23 Class, as defined above, is so numerous that joinder of all members
is impracticable.

52.     Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are
typical of the claims of other members of the Rule 23 Class.

53.     Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests
of all members of the Rule 23 Class.

54.     Plaintiffs have no interests that are antagonistic to or in conflict with those
interests of the Rule 23 Class that they have undertaken to represent.

55.     Plaintiffs retained competent and experienced class action counsel who can ably
represent the interests of the entire Rule 23 Class.

56.     Questions of law and fact are common to the Rule 23 Class.

57.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual
actions would create the risk of inconsistent or varying adjudications that would establish
incompatible standards of conduct for Defendants with respect to their non-exempt employees.

58.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants
acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate
declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

59.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of
law and facts common to the Rule 23 Class predominate over questions affecting individual

members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60.     Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the MFWSA by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of the MFWSA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

61.     A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V.      **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

62.       All of the preceding paragraphs are realleged as if fully rewritten herein.

63.       This claim is brought as part of a collective action by Plaintiffs on behalf of themselves and the 216(b) Class.

64.       The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

65.       During the three years preceding the filing of this Complaint, Defendants employed the Plaintiffs and the 216(b) Class Members.

66.       Plaintiffs and the 216(b) Class Members were paid on a flat fee basis per delivery.

67.       Plaintiffs and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

68.       Defendants violated the FLSA with respect to Plaintiffs and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half their regular rates for hours worked over forty (40) hours in a workweek.

69.       Plaintiffs and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

70.       Defendants compensated Plaintiffs and the 216(b) Class Members on a fee basis per delivery regardless of the number of hours worked by Plaintiffs and the 216(b) Class Members.

71.       Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiffs and the 216(b) Class Members are entitled.

72.       The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Plaintiffs and the 216(b) Class Members is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

73.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the 216(b) Class Members have suffered and continue to suffer damages. Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

### SECOND CAUSE OF ACTION:
### R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

74.     All of the preceding paragraphs are realleged as if fully rewritten herein.

75.     This claim is brought under Ohio Law.

76.     Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants jointly are employers covered by the overtime requirements under Ohio Law.

77.     Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

78.     Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working.

79.     Defendants' company-wide policy of compensating drivers a flat fee per delivery without regard to their total hours worked when Defendants knew or should have known that the employees were working in excess of 40 hours in workweeks resulted in unpaid overtime.

80.     Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio Law.

81.     Defendants' repeated and knowing failures to pay overtime wages to the Plaintiffs were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiffs and the Rule 23 Class Members are entitled.

82.     For Defendants' violations of R.C. §4111.03, by which Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     Plaintiffs and the Rule 23 Class Members were employed by Defendants.

85.     During all relevant times, Defendants were entities covered by the OPPA and Plaintiffs and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

86.     The OPPA requires Defendants to pay Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

87.     During relevant times, Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

88.     Plaintiffs and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89.     In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**FOURTH CAUSE OF ACTION:**
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

90.     All of the preceding paragraphs are realleged as if fully rewritten herein.

91.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

92.     During times material to this complaint, Defendants were an "employer," and required to comply with the Ohio Wage Act's mandates.

93.     Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

94.     During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

95.     In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VI.     PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request judgment against Defendants for an Order:

A.     Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.      Certifying the proposed Rule 23 Class under Ohio Law;

D.      Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and the putative class and collective members per week, and because Defendants failed to keep accurate records in accordance with Ohio Law, Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Plaintiffs and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G.      Awarding Plaintiffs, the FLSA Class Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.      Awarding Plaintiffs, the FLSA Class Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J.      Granting Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter A. Contreras*
Peter A. Contreras (0087530)
CONTRERAS LAW, LLC
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman