IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WOLFE, *et al* on behalf of themselves and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:18-cv-1698 |
| v. | : : : | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| OHIO MULCH SUPPLY, INC., *et al.* | : : | |
| Defendants. | : | |

### STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Jordan Wolfe, Shawn Bailey, Ray Carter, and Paul Badgley ("Representative Plaintiffs") sued Ohio Mulch Supply, Inc. and OM Trucking, LLC ("Defendants") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Representative Plaintiffs alleges that Defendants violated the FLSA by failing to pay delivery drivers overtime premium for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act, § 201, *et seq*. ("FLSA").  Specifically, Representative Plaintiffs allege that Defendants violated the FLSA by misclassifying delivery drivers as exempt from overtime and not paying them an overtime premium despite the drivers performing overtime work. Defendants deny these allegations and assert that they properly paid their drivers, including Representative Plaintiffs, for all hours worked.  This matter was conditionally certified and fifty-two (52) other drivers joined the action as opt-in plaintiffs (collectively with Representative Plaintiff, "Plaintiffs"). Representative Plaintiffs and Defendant attended mediation and have settled Plaintiffs' claims and move for approval of their settlement agreement. (ECF No. 66)

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties' dispute whether Defendants' delivery drivers were due overtime wages for their overtime hours worked. There is no indication that the

settlement was reached by anything other than arms' length negotiations between counsel. Indeed, settlement was reached after a day-long mediation with a neutral mediator.  The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals, and the public interest generally favors settlement of class claims. *See* Hainey v. Parrott, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007). Plaintiffs' counsel represents that they completed a damage analysis after their review of Defendant's payroll and timekeeping information.

Although the parties dispute both the existence and amount of unpaid overtime, the parties represent that individual settlement payments reflect 125% of the unpaid overtime damages calculated based on actual overtime damages for each workweek for hourly delivery drivers and estimates of one and one-quarter hours per delivery for flat rate drivers whose daily/weekly hours were not recorded or tracked. Representative Plaintiff Wolfe will receive a $5,000 service award and Bailey, Carter, and Badgley will receive service awards of $1,500 in addition to their individual payments. The individual settlement payments and the service award payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

Moreover, attorneys' fees in the amount of $62,500.00 represent one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *See also Croskey v. Hogan Services,*

3

*Inc.*, No 2:20-CV-3062, 2021 WL 3012278, at *2 (S.D. Ohio July 15, 2021). As a preliminary matter, the Court acknowledges that a lodestar cross-check is not required. *Estate of McConnell v. EUBA Corp*, No. 3:18-cv-355, 2021 WL 1966062, at *6 (S.D. Ohio May 17, 2021) (citing *Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 WL 696941, at *7 (S.D. Ohio Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 1125760 (S.D. Ohio Mar. 12, 2019)). Nevertheless, the Court requested and completed an *in camera* inspection of Plaintiffs' counsel's time records and notes their current fees incurred exceed the above amount requested by more than $10,000. The Court further acknowledges that counsel will incur additional fees before this matter is fully concluded, but Plaintiffs' counsel have agreed to accept their reduced fees award in full satisfaction of all fees recoverable. It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs.

The parties' joint motion (ECF No. 66) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The parties' proposed Notice of Confidential Collective Action Settlement, as revised and submitted via email to the Court on November 18, 2021, is **APPROVED**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, and the distribution process.

**IT IS SO ORDERED**.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE